UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

LYNETTE T.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:22-cv-00561-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Lynette T. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, that decision is AFFIRMED.

**STANDARD OF REVIEW**

    The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a

---

[1] In the interest of privacy, the court uses only plaintiff's first name and last initial.

1 – OPINION AND ORDER

specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since June 11, 2018, the alleged onset date.  Tr. 19.  At step two, the ALJ determined plaintiff suffered from the following severe impairment: bipolar 2 disorder.  Tr. 19.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 21.  The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she has the "capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can do simple, routine, repetitive tasks with a

reasoning level of 1-2 and few changes; no public contact and occasional contact with coworkers and supervisors." Tr. 22.

At step four, the ALJ found plaintiff was unable to perform any past relevant work. Tr. 28. However, considering plaintiff's age, education, work experience, and RFC, at step five the ALJ concluded there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including hand packager, automobile detailer, electrical worker, and cleaner-housekeeper. Tr. 28-29. Thus, the ALJ found plaintiff was not disabled.

## DISCUSSION

### I.     RFC Determination

Plaintiff primarily argues the ALJ erred in formulating her RFC. She argues the ALJ created an RFC that is contrary to the record as a whole, and the medical opinion evidence the ALJ found persuasive. Plaintiff specifically takes issue with how the ALJ's RFC excluded limitations described in prior administrative medical findings, and with the ALJ's phrasing. Pl. Br. 4-11, ECF 12. According to plaintiff, the psychological consultants the ALJ had found persuasive "determined that . . . she was restricted to work that involved 'established routines and tasks.'" *Id.* at 5. Plaintiff claims that limiting her to "simple, routine, repetitive tasks with a reasoning level of 1-2 and few changes" does not account for this portion of the psychological consultants' opinions. *Id.* at 4-11. Plaintiff likewise believes the limitation of "few changes" is impermissibly vague and at odds with other aspects of the RFC. *Id.*

The RFC is the most a person can do, despite the person's physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p,

3 – OPINION AND ORDER

*available* at 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). An ALJ is only required to identify specific, supported, and credible limitations in the RFC; "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss*, 427 F.3d at 1217; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 893 (9th Cir. 2006) (observing the ALJ's assessment of the plaintiff's RFC was "complete, specific, and supported by substantial evidence").

As part of her evaluation of plaintiff's RFC, the ALJ considered two prior administrative medical findings from state agency medical consultants Ben G. Kessler, Psy.D., and Winifred C. Ju, Ph.D. Tr. 24, 63-65, 81-83. These psychological consultants found that plaintiff could maintain concentration, persistence, and pace sufficient to carry out simple, unskilled tasks, could handle occasional contact with the public, and could not do tasks that required constant supervisory contact. Tr. 64-65, 82-83. They also suggested that plaintiff "[w]ould benefit from established routines and tasks." Tr. 65, 83. The ALJ determined that these findings were supported and consistent with the record, and so they were persuasive. Tr. 24.

Plaintiff's main issue with the RFC is she believes the limitation on "simple, routine, repetitive tasks with a reasoning level of 1-2 and few changes" does not encompass Drs. Kessler and Ju's limitation that plaintiff be "restricted to work that involved 'established routines and tasks." An ALJ is not compelled to adopt, word-for-word, the limitations set forth by a medical

4 – OPINION AND ORDER

source opinion the ALJ has found persuasive, so long as the ALJ's RFC is "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Here, the ALJ did not err because she reasonably relied on the doctors' opinions, and crafted an RFC consistent with those opinions. First, Drs. Kessler and Ju did not "restrict" plaintiff to work with "established routines and tasks," as plaintiff argues, but rather opined that plaintiff "[w]ould *benefit* from established routines and tasks." *See, e.g.,* Tr. 65 (opinion of Dr. Kessler) (emphasis added); *see also Robert S. v. Saul*, No. 3:19-CV-01773-SB, 2021 WL 1214518, at *6 (D. Or. Mar. 3, 2021), *report and recommendation adopted*, No. 3:19-CV-01773-SB, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (finding a doctor's recommendation that the plaintiff would benefit from certain conditions did not necessitate specific accommodations). "An ALJ does not err by declining to include physician recommendations, as opposed to imperatives, when formulating a claimant's RFC." *Jacob v. Berryhill*, 756 F. App'x 709, 713 (9th Cir. 2018) (citing *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017), and *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)). "[T]he RFC represents 'the most [a claimant] can still do despite [his or her] limitations,' rather than a claimant's ideal work conditions." *Id.* And the ALJ's RFC reasonably incorporated this recommendation—that plaintiff have simple, routine tasks that do not often change—by including the limitation "with few changes" into the RFC. *See* Tr. 22. The ALJ therefore adequately translated the substance of the doctors' findings into the RFC, and so did not formulate the RFC in error. *Rounds*, 807 F.3d at 1006.

Plaintiff's contention that the RFC is overly ambiguous or internally inconsistent fares no better. Plaintiff argues the ALJ's limitation of "few changes" to plaintiff's work is improperly

5 – OPINION AND ORDER

ambiguous (and inconsistent with the ambiguous findings from Drs. Kessler and Ju). Pl. Br. 7-9, 11-12, ECF 12. The ALJ, however, is not obligated to include limitations from a medical source verbatim in the RFC. 20 C.F.R. § 416.920a(c)-(d); *Stubbs-Danielson*, 539 F.3d at 1174. As indicated above, the recommendation that plaintiff has "established routines and tasks" was not a limitation, and even if it were, the RFC's formulation that there be "few changes" in plaintiff's workload meaningfully incorporates that advice. Tr. 22. The phrase "few changes" also seemed to be well-understood at plaintiff's hearing. When the ALJ questioned the vocational expert (VE) using a hypothetical question consistent with the RFC, the VE was not confused. *See* Tr. 50-55. Nor did plaintiff's attorney object to the hypothetical questions the ALJ posed to the VE at the hearing. *See* Tr. 50-55. Because the phrase "few changes" is consistent with the record, and not ambiguous, it was not error for the ALJ to include it in the RFC.

Finally, there is nothing inherently inconsistent between the RFC's "simple, routine, repetitive tasks" and the recommendation that plaintiff have to endure "few changes" in those tasks. Plaintiff argues that "routine, repetitive tasks" are "inconsistent with tasks that permit 'few changes,'" but cites no statute, regulation, or case law to support her interpretation. Pl. Br. 8, ECF 12. Routines are capable of change, and suggesting there be "few" changes to those routines is a reasonable "translat[ion] and incorporat[ion of] clinical findings into a succinct" residual functional capacity. *Rounds*, 807 F.3d at 1006. It was reasonable for the ALJ to interpret Drs. Kessler and Ju's recommendation that plaintiff would "benefit from established routines and tasks," Tr. 65, 83, into a limitation that her "routine, repetitive tasks" change infrequently. Tr. 22. Because there is no internal inconsistency in the RFC, the ALJ's RFC formulation was not error.

6 – OPINION AND ORDER

II.   **Vocational Expert Testimony**

Plaintiff also contends the ALJ erred at step five.  At step five, the ALJ determined that plaintiff could do work that existed in significant numbers in the national economy.  Tr. 28.  To reach that conclusion, the ALJ relied on the testimony of a vocational expert.  Tr. 50-55.  The ALJ questioned the vocational expert about an individual of the same age, education, and vocational background as plaintiff, and with the same RFC.  Tr. 50-55.  The vocational expert testified that such an individual could do the representative jobs of hand packager, automobile detailer, electrical worker, and cleaner housekeeper.  Tr. 50-53.  Based on this testimony, the ALJ determined that plaintiff was not disabled.  Tr. 28.

Plaintiff first argues that—with respect to the job demands of housekeeper cleaner—the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles (DOT).  Pl. Br. 15-16, ECF 12.  When there is an apparent conflict between a vocational expert's testimony and the DOT, the ALJ must elicit a reasonable explanation to resolve that conflict.  *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2.  According to plaintiff, the RFC precluded her from public contact, but the housekeeper cleaner job may require "render[ing] personal assistance to patrons."  Pl. Br. 14-15, ECF 12; *see* DOT 323.687-014 ("renders personal assistance to patrons").  Plaintiff implies that the ALJ did not resolve this conflict.  *Id.* at 15-16.  However, the ALJ confirmed that the VE had "relied on [his] "experience regarding the issues of coworker, supervisor, [and] public contact" to ensure his testimony was "consistent with the DOT."  Tr. 54.  Moreover, as the Commissioner observes, even if the ALJ erred in this regard, it is harmless because the other jobs identified by the ALJ—hand packager (DOT 920.587-018), automobile detailer (DOT 915.687-034), and electronics worker (DOT 726.687-010)—do not require public contact.  In the national economy, for these jobs, there are

7 – OPINION AND ORDER

143,042, 167,320, and 166,528 positions, respectively, for a total of 476,890 positions. *See* Tr. 52-53; *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (holding "25,000 jobs meets the statutory standard").

Plaintiff also claims that all of the occupations the vocational expert identified are inconsistent with an RFC limited to routine and repetitive tasks. Pl. Br. 16-19, ECF 12. The Ninth Circuit has clarified that an ALJ may reasonably rely on a VE's testimony about jobs that exist in the national economy when questions posed to the VE include relevant limitations. *See Ford*, 950 F.3d at 1159 (holding that an ALJ's reliance on qualified, cogent, and uncontradicted expert testimony generally constitutes substantial evidence in support of the ALJ's finding). At the hearing, the ALJ's questions to the VE explicitly presented a "hypothetical individual . . . [who can] do simple, routine, repetitive tasks . . . ." Tr. 52. The ALJ therefore relied on a proper source—the vocational expert's testimony—to determine that a person with plaintiff's RFC could do the jobs the vocational expert identified. Tr. 28. Plaintiff's own interpretation of the DOT's job descriptions does not call the VE's testimony into question. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (noting that VEs are "presumptively familiar" with terms of art and that information not relied upon by the VE "does not necessarily establish either legal error or a lack of substantial evidence"). Therefore, there is no error in this regard.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

DATED April 13, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge